**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA FAIR PLAN ASSOCIATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, a United States federal agency; CLEVELAND NATIONAL FOREST, a United States National Forest administered by the United States Forest Service; CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, a California agency; and DOES 1-30 Inclusive,<br><br>Defendant. | Case No.: 3:21-cv-02099-BEN-KSC<br><br>**ORDER ON EX PARTE APPLICATION FOR ORDER ESTABLISHING TIME TO RESPOND TO COMPLAINT**<br><br>**[ECF No. 2]** |

**I.    INTRODUCTION**

Plaintiff, the California Fair Plan Association, a California corporation ("Plaintiff"), brings this action against Defendants, the United States Department of Agriculture (the "USDA"), a United States federal agency; the Cleveland National Forest, a United States National Forest administered by the United States Forest Service, a government agency within the USDA (the "CNF"); the California Department of Forestry

and Fire Protection, a California agency (the "CDFFP"); and DOES 1 through 30[1] (collectively, "Defendants") for claims of inverse condemnation, premises liability/dangerous condition, trespass, private nuisance, and public nuisance. ECF No. 1. Before the Court is the *Ex Parte* Application[2] for an Order Establishing Time to Respond to the Complaint (the "Motion") brought by the USDA and CNF (the "Moving

---

[1]   Unlike California's code pleading standards, the Federal Rules of Civil Procedure ("FRCP") do not permit doe defendants. *Cavanaugh v. Cty. of San Diego*, No. 3:18-CV-02557-BEN-LL, 2020 WL 6703592, at *25 (S.D. Cal. Nov. 12, 2020), *judgment entered*, 2020 WL 6702029 (S.D. Cal. Nov. 13, 2020). Further, in the rare circumstances where doe defendants are permitted, they must be served within 90 days of the complaint being filed. *See* FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a). Here, even if the FRCP permitted doe defendant pleading, Plaintiff would still need to seek leave of court in order to substitute in the true names of those defendants. As such, the Court dismisses the doe defendants *without prejudice*. Plaintiff may seek leave of court to file an amended complaint if and when it becomes necessary to amend to add defendants.

[2]   First, "[a] motion for an order must not be made ex parte unless it appears by affidavit or declaration" that (1) "within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made"; (2) "the party in good faith attempted to inform the opposing party" or "attorney but was unable to do so, specifying the efforts made to inform them"; or (3) "for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney." S.D. Cal. Civ. R. 83.3(g)(2). Here, no such affidavit or declaration accompanied the instant filling. While state courts often offer a procedure to secure relief on a shortened timeline, the FRCP contain no provisions directly addressing the filing and service of papers seeking relief on a shortened notice period. Instead, Rule 65 of the FRCP governs temporary restraining orders, and Rule 3.5 of the California Rules of Professional Conduct governs *ex parte* communications with chambers. There is no FRCP covering *ex parte* applications similar to Rule 3.1200 of the California Rules of Court. Thus, the Court treats the *Ex Parte* Application as a motion pursuant to Local Rule 7.1. However, Local Rule 7.1 requires that a hearing date must be requested from the clerk of the judge to whom a case is designed "for any matters on which a ruling is required." S.D. Cal. Civ. R. 7.1(b), (f). Here, Moving Parties never requested a hearing date, and as such, the Motion should have been rejected. *Id.* at 7.1(e)(7). However, because the Moving Parties do not seek any relief that is otherwise available under FRCP 4, 12, and 81, Plaintiff suffers no prejudice, and the Court rules on the merits.

Parties"). ECF No. 2. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion as outlined in its order.

## II.    BACKGROUND

### A.    Statement of Facts

Plaintiff alleges that at the time of the alleged incident, its insureds, Karen and Robert Wood, owned a residential home and water well adjacent to their property located at 19509 Japatul Road, Alpine, California 91901 (the "Property"). ECF No. 1-3 at 12,[3] ¶¶ 8-9. On September 9, 2020, a wildfire known as the Valley Fire occurred, and Plaintiff alleges Defendants used a bulldozer to create a fire break in the vegetation. *Id.* at 12, ¶ 10. In doing so, they bulldozed the land/water easement over Plaintiff's insureds' water well, destroying the water pump, its accessory piping, and its electrical conduit, resulting in extensive losses and damages. *Id.*

In compliance with the California Government Code, Plaintiff, on behalf of its insureds, submitted a claim to the USDA and CDFFP on March 3, 2021. ECF No. 1-3 at 14-15, ¶¶ 17-18. On March 10, 2021, the claim against the USDA was rejected. *Id.* On September 2, 2021, the claim against CDFFP was also rejected. *Id.*

### B.    Procedural History

On October 21, 2021, Plaintiff filed suit against Defendants in the San Diego Superior Court, alleging six claims for relief for (1) inverse condemnation; (2) premises liability/dangerous condition, CAL. GOV'T. CODE §§ 835, 835.2; (3) trespass, CAL. CIV. CODE § 3479; CAL. GOV'T. CODE §§ 815.2(a) and 820(a); (4) private nuisance; (5) public nuisance, CAL. CIV. CODE § 3479; CAL. GOV'T. CODE §§ 815.2(a) and 820(a); and (6) reckless driving, CAL. VEH. CODE § 17001. ECF No. 1-3 at 10. *See Cal. Fair Plan Ass'n. v. United States Dep't. of Agric.*, San Diego Superior Court Case No. 37-2021-00045018-CU-EI-CLT.

On November 1, 2021, a copy of the summons and complaint were delivered to an

---

[3]    Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

-3-

office of the U.S. Forest Service in the CNF.  ECF No. 1 at 2, ¶ 4.

On December 17, 2021, Moving Parties removed the case and filed the instant Motion.  *See* ECF Nos. 1, 2.

## III. LEGAL STANDARD

Pursuant to the Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case."  S.D. Cal. Civ. R. 12.1.  Thus, "[i]n the Southern District, court approval is required for *any* extension of time to answer or move to dismiss the complaint."  Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV. DISCUSSION

Moving Parties seek an order establishing the time to respond to Plaintiff's Complaint.  ECF No. 2.

As Moving Parties point out, the USDA is a United States agency.  ECF No. 2 at 1:26-27 (citing *Horne v. U.S. Dep't of Agric.*, 494 F. App'x 774, 775 (9th Cir. 2012)).  The CNF is also part of the United States National Forest System, 16 U.S.C. § 1609, and therefore, a lawsuit against it qualifies as a lawsuit against the United States.  In order to properly serve a United States agency, the party must serve both the agency as well as the United States.  FED. R. CIV. P. 4(i)(1)-(2).  This is accomplished by delivering "a copy of the summons and of the complaint … to the agency" and "the United States attorney for the district where the action is brought" while also sending a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail.  *Id.*

In this case, Moving Parties assert that Plaintiff has failed to serve the United States Attorney for the Southern District of California (the "U.S. Attorney") and Attorney General.  ECF No. 2 at 2:13-15.  As a result, they contend that at the time of removal, they still had not been properly served.  *Id.* at 2:15-17.  The Court agrees and finds that service of process on Moving Parties has not been effectuated until service by mail on the

Attorney General and service upon the U.S. Attorney.[4]

Once service of process is made, Moving Parties contend that their time to respond is unclear. On the one hand, Rule 81 of the FRCP requires that after removal, a defendant who has not yet filed a responsive pleading must do so within the longer of either "(1) 21 days of receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (2) 21 days after being served with the summons for an initial pleading on file at the time of service, or (3) 7 days after the notice of removal is filed." On the other hand, if the United States or a United States agency are sued, they "must serve an answer to a complaint … within 60 days after service on the United States Attorney." FED. R. CIV. P. 12(a)(2). Moving Parties argue that Rule 81(c) provides for a different response time for cases removed from state court, like the instant case, and does not distinguish between cases filed against federal and non-federal defendants. *See* ECF No. 2 at 2:27-3:2. Thus, they point out that under FRCP 81, their response would be due on December 27, 2021. *Id.* at 2:2-3. They contend that "[t]his is an insufficient amount of time to obtain the information needed from the agency to prepare a full and accurate response to the Complaint, and then to prepare such a response." *Id.* at 3:3-5. They ask the Court to issue an order establishing that they will have sixty (60) days from the date of removal to response to the Complaint. *Id.* at 3:6-10.

Another court addressing the same issue concluded that "[w]hile Rule 81(c)

---

[4] A party may raise insufficient service of process in a responsive pleading. FED. R. CIV. P. 12(b)(5). That party waives that defense by "omitting it from a motion" under FRCP 12; failing to file any motion under FRCP 12; or failing to include the defense in some other responsive pleading or amendment. FED. R. CIV. P. 12(h). However, where a party submits a filing *other than* a responsive pleading or Rule 12 motion, the party does not waive the defenses set forth in Rule 12. *See, e.g.*, *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (holding that a motion to stay is not a Rule 12(b) motion, and therefore, was not barred by Rule 12's waiver provisions). Thus, the instant appearance by the U.S. Attorney does not waive Moving Parties' ability to challenge service of process. *See, e.g.*, *Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990) (noting that "the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants").

requires a party to file an answer within the longer of five days after removal or twenty days after service, Rule 12(a) enables the United States (or a federal officer or agency) to respond to a complaint within sixty days of service." *Patterson v. Wendel*, 983 F.2d 1073 (7th Cir. 1992) (granting an enlargement of time to respond to the complaint under FRPC 12(a)).  As a result, this Court finds it appropriate to order that Moving Parties will have sixty (60) days from the date service of process is effectuated, which includes serving the U.S. Attorney and Attorney General, to respond to the complaint.

## V.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff must serve the summons and complaint on the U.S. Attorney.

2. Plaintiff must serve the summons and complaint on the Attorney General for the United States by registered or certified mail.

3. Moving Parties will have sixty days from the latter date of completion of both of the aforementioned tasks to file a responsive pleading to the Complaint.

**IT IS SO ORDERED.**

DATED:   December 20, 2021

**HON. ROGER T. BENITEZ**
United States District Judge