UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA FAIR PLAN ASSOCIATION,<br><br>                           Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; et al.,<br><br>                           Defendants. | Case No.:   21cv2099-LAB-KSC<br><br>**ORDER OF DISMISSAL** |

Plaintiff California Fair Plan Association ("CFPA"), a California corporation, brings this action against Defendants United States Department of Agriculture (the "USDA"), a United States federal agency, and the Cleveland National Forest ("CNF"), a United States National Forest administered by the United States Forest Service, a government agency within the USDA (collectively, "Defendants"), for claims of inverse condemnation, premises liability/dangerous condition, trespass, private and public nuisance, and violation of the California Vehicle Code.

On December 21, 2021, following Defendants' *ex parte* request for an order establishing the date to respond to the Complaint, District Judge Roger Benitez, who was previously assigned to this case, issued an order first advising CFPA that in order to properly serve Defendants, it must deliver a copy of the summons

and complaint "to the agency" and "'the United States attorney for the district where the action is brought' while also sending a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail." (Dkt. 4 at 4 (quoting Fed. R. Civ. P. 4(i)(1)–(2)). Defendants were instructed to file a response to the Complaint sixty days from the date service of process is effectuated on both Defendants. (*Id*. at 6). According to the docket, CFPA served Defendants on February 25, 2022, by leaving copies of the summons and complaint at the U.S. Attorney's Office, located at 880 Front Street, Suite 6293, San Diego, California 92101. (Dkt. 7, 9).

On November 2, 2022, following a considerable period of hardly any movement in the case, the Court issued an Order to Show Cause why this case shouldn't be dismissed for failure to prosecute, instructing CFPA to either file a memorandum explaining why its Complaint shouldn't be dismissed or otherwise indicate whether it intends to continue pursuing its claims against Defendants. (Dkt. 17). CFPA then filed a memorandum explaining the cause of its delay, (Dkt. 19), and also requested entry of default against Defendants for failure to respond, explaining that CFPA served Defendants on February 25, 2022, at the U.S. Attorney's Office location, (Dkt. 18, 19). On November 9, 2022, the Clerk of the Court entered default against Defendants. (Dkt. 21). However, because CFPA makes no mention of mailing a copy of the summons and complaint to the Attorney General, CFPA has failed to timely serve Defendants in accordance with the Federal Rules and the Court's instructions, and this case must be **DISMISSED**.

Moreover, even if Defendants had been timely served, this Court lacks subject matter jurisdiction over this matter. "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3). Here, CFPA brings suit against the USDA and CNF—a U.S. agency and a national forest under the administration of a U.S. agency, respectively. Critically, however, "[a]n action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity." *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996). There is no indication on the docket that Defendants have waived their sovereign immunity here, and thus the Court must dismiss the case for lack of subject matter jurisdiction. *See Esquivel v. United States*, 21 F.4th 565, 573 (9th Cir. 2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (citing *Neb. ex rel. Dep't of Soc. Servs. v. Bentson,* 146 F.3d 676, 679–80 (9th Cir. 1998)) ("Because the record contains no evidence that USDA waived its sovereign immunity to the [Plaintiff's] petition, the Nevada state court lacked jurisdiction over the action.").

And while the Federal Tort Claims Act ("FTCA") may provide a limited waiver of sovereign immunity, *United States v. Orleans*, 425 U.S. 807, 813 (1976), plaintiffs bringing suit under the FTCA are only authorized to sue the United States—not its agencies, *see Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint as improperly filed against the Postal Service and [the Postmaster General]."); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action.").

This case is therefore **DISMISSED**, and all pending motions are **DENIED AS MOOT**. The Clerk is directed to terminate this case.

**IT IS SO ORDERED**

Dated:  June 8, 2023

*[signature: Larry A. Burns]*

Honorable Larry Alan Burns
United States District Judge